# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Crim Action No. 06-20089-01-KHV |
| v. ) | |
| ) | Civil Action No. 07-2153-KHV |
| RUBEN AYALA-ROMERO ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #29) filed April 17, 2007.

On October 10, 2006, the Court sentenced defendant. On October 18, 2006, defendant filed his notice of appeal.[1] Defendant now has filed a motion to vacate his sentence under 28 U.S.C. § 2255. Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a Section 2255 motion while a direct appeal is pending. See <u>United States v. Scott</u>, 124 F.3d 1328, 1330 (10th Cir. 1997); <u>United States v. Cook</u>, 997 F.2d 1312, 1319 (10th Cir. 1993); Rule 5 of the Rules Governing § 2255 Proceedings, advisory committee's note. The Court therefore overrules defendant's motion as premature.[2]

---

[1] In his motion, defendant states that he did not appeal the judgment of conviction, but the record reflects that defense counsel filed a notice of appeal on his behalf. See <u>Notice Of Appeal</u> (Doc. #13). The Clerk recently transmitted the record on appeal to the Tenth Circuit. See Doc. #27.

[2] The Court need not address whether it has jurisdiction to entertain defendant's motion, because it would decline to do so in any event. Compare <u>United States v. Hurd</u>, 176 F.3d 490 (Table), 1999

(continued...)

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #29) filed April 17, 2007 be and hereby is **OVERRULED**.  Defendant may re-file his motion after his direct criminal appeal is concluded.

The Clerk is directed to send a copy of this Order and the Notice Of Appeal (Doc. #13) to defendant.

Dated this 24th day of April, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

²(...continued)
WL 285921, at *1-2 (10th Cir. May 7, 1999) (district court without jurisdiction to hear Section 2255 motion while appeal pending) with Rule 5 of the Rules Governing § 2255 Proceedings, advisory committee's note (no jurisdictional bar to Section 2255 motion pending appeal).  Moreover, because defendant can re-file his motion after his direct appeal is concluded, he is not prejudiced by the Court's decision to overrule his motion as opposed to deferring ruling until his appeal concludes.  See United States v. Bey, 208 F.3d 227 (Table), 2000 WL 217059, at *2 (10th Cir. Feb. 21, 2000) (Section 2255 motion not successive motion where it was first Section 2255 motion filed after conclusion of direct criminal appeal).